UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL EDWIN FREE,

        Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.
_____/

Civil Case Number: 99-CV-73082
Crim. Case Number: 94-80095

HONORABLE AVERN COHN

## ORDER
## DENYING CERTIFICATE OF APPEALABILITY
## AND
## DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

I. Introduction

This is a criminal case. Defendant/Petitioner Paul Edwin Free (hereinafter "defendant") is a federal prisoner serving a life sentence following a jury conviction for conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846. After failing to obtain relief on direct appeal and in a § 2255 proceeding, defendant filed a motion styled "Motion to Reopen the Case An Independent Action Under Fed. R. Civ. P. 60(b), the All Writs Act, 28 U.S.C. § 1651, and the Court's Inherent Power to Protect the Integrity of the Judicial Process Based on Newly Discovered Evidence of Actual Innocence and Multiple Instances of Fraud Upon the Court - by Officers of the Court." Defendant also filed a motion styled "Motion for Court's Temporary Restraining Order Directing the U.S. Marshals to Seize the Filed Relating to the Prosecution of this Case Maintained by the Office of the U.S. Attorney,

the DEA, the California Department of Justice and Any Other Police Department Associated with This Case." The Court denied the motions. See Order filed July 7, 2008.

Before the Court is defendant's notice of appeal from the Court's July 7, 2008 order and defendant's motion for the appointment of counsel on appeal. For the reasons that follow, a certificate of appealability is DENIED. Defendant's motion for appointment of counsel is also DENIED.

## II. Certificate of Appealability

Before Petitioner can appeal the Court's decision, a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). See also United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (applying COA requirements to motions under Rule 60(b) filed in habeas proceedings).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, such as the statute of limitations, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a notice of appeal is filed, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

Here, the Court carefully explained why defendant was not entitled to relief under Rule 60(b). The majority of defendant's claims were raised and rejected in prior proceedings. As to his prior claims and new claims, defendant failed to make out a case of fraud upon the Court. Reasonable jurists would not debate these conclusions or determine that defendant's claims should proceed further. Accordingly, a COA is DENIED.

### III. Appointment of Counsel

Because Rule 60(B) motions may only be filed in civil proceedings, the Court analyzes this question in the context of civil proceedings. The appointment of counsel in a civil proceeding is generally not a constitutional right and is justified only by

3

exceptional circumstances.  Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993); Lassiter v. Dep't of Social Serv., 452 U.S. 18, 25 (1981) (finding that a constitutional right to counsel extends only to cases in which the defendant may be deprived of physical liberty).

Here, defendant filed a detailed Rule 60(b) motion and was able to present his arguments to the Court.  Although defendant says it will be difficult for him, for a variety of reasons, to timely file a brief on appeal, appointment of counsel unnecessary.  Defendant's concern as to the deadline for filing an appellate brief is more properly directed to the Court of Appeals for the Sixth Circuit.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Paul Free, #42235-198, USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater, CA 95301on this date, August 5, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160