UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL E. FREE,

        Petitioner/Defendant,        Civil Case Number: 14-14966
                                                         Crim. Case Number: 94-80095

v.

                                                          HON. AVERN COHN

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.
_____/

## MEMORANDUM AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a criminal case. Defendant/Petitioner Paul E. Free (Free) is a federal prisoner serving a life sentence following a jury conviction for conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846. Free's conviction and sentence were affirmed on appeal. United States v. Gaitan-Acevedo, 148 F.3d 577 (6th Cir. 1998). Thereafter, Free filed a motion under 28 U.S.C. § 2255, presenting several claims. (Doc. 981). The Court denied the motion for lack of merit. See Doc. 1187. The Sixth Circuit dismissed Free's appeal. See Doc. 1264.

Before the Court are several motions by Free, as follows:

Motion to Hold Proceedings in Abeyance Pending Resolution of Two Cases with an Identical Issue and Evidentiary Hearings (Doc. 1305)

Motion for Leave of Court to File Extended Habeas Petition and Memorandum in Support (Doc. 1306)

and

Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. 1307)

The government, at the Court's direction (Doc. 1309) filed a response (Doc. 1311).  The government contends that Free's motion under § 2255 is a second or successive motion and must be transferred to the Court of Appeals for the Sixth Circuit.  The Court agrees.

## II.

Although Free says his motion is not successive because it is based on newly discovered evidence, this is clearly Free's second motion under § 2255.[1]  Before a second or successive motion to vacate sentence is filed in a federal district court, a petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence.  28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997).  Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631.  Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).  A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

---

[1]As noted in the government's response, it appears Free presented a similar, if not identical, newly discovered evidence claim in a § 2241 proceeding in the Eastern District of California which was not successful.

Accordingly, the Court TRANSFERS this matter (Doc. 1307) to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Free is entitled to a certificate of authorization to file a successive motion to vacate under § 2255. Free's motion to hold the petition in abeyance (Doc. 1305) and motion for leave (Doc. 1306) are DENIED AS MOOT.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2015
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 19, 2015, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160